UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY, | |
| *Plaintiff*, | C.A. No. 4:21-cv-799 |
| v. | |
| KM TEH REALTY 5 LLC, SM TEH REALTY 3 LLC, SM-T.E.H. REALTY 4, LLC, SM-T.E.H. REALTY 5, LLC, KM TEH REALTY 6, LLC, KM TEH REALTY 1, LLC, KM TEH REALTY 3, LLC, KM TEH REALTY 2, LLC, SM TEH REALTY 2 LLC, SM TEH REALTY 1, LLC, SM TEH REALTY 6 LLC, KM TEH REALTY 8 LLC, KM TEH REALTY 4 LLC, YTV REALTY LLC, YTV REALTY, INC., KM-T.E.H. REALTY 10, LLC (PARK GATE), DBA: PARK GATE, PARK GATE APARTMENTS, LLC, RUSKIN APARTMENTS LLC, STONEYBROOK SOUTH APARTMENTS LLC, BRIGHTON APARTMENTS STL, LLC, MERCHANTS BANK OF INDIANA, and ANA FUENTES, PEDRO LOPEZ, KELVIN LOPEZ, TANNETT WASHINGTON, TIYONNA WATKINS, and CHRIS WALTER, | |
| *Defendants.* | |

# FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, North American Capacity Insurance Company, Plaintiff, and for its First Amended Complaint for Declaratory Judgment, states:

## INTRODUCTORY PARAGRAPH

1. This is an action for declaratory judgment in which North American Capacity Insurance Company ("NAC") seeks to confirm its rescission of four policies of insurance, described below, that were issued to certain of the defendants. The defendants Ana Fuentes, Pedro Lopez, Tannett Washington, Tiyonna Watkins, and Chris Walter are not insureds under the policies, but have asserted an "equitable garnishment" claim to collect under one or more of those policies. NAC has rescinded the policies because the insured defendants knowingly made a material misrepresentation in their applications for insurance.

## PARTIES

2. NAC is a New Hampshire corporation with a principal place of business in New Hampshire. NAC therefore is a citizen of New Hampshire. At all times relevant, NAC was eligible to do business as an insurer in Missouri.

3. KM TEH Realty 5 LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of KM TEH Realty 5 LLC's members are citizens of New Hampshire.

4. SM TEH Realty 3 LLC is a Missouri limited liability company with a principal place of business in Jefferson City, Missouri. On information and belief, none of SM TEH Realty 3 LLC's members are citizens of New Hampshire.

5. SM-T.E.H. Realty 4, LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of SM-T.E.H. Realty 4, LLC's members are citizens of New Hampshire.

6. SM-T.E.H. Realty 5, LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of SM-T.E.H. Realty 5, LLC's members are citizens of New Hampshire.

7. KM TEH Realty 6, LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of KM TEH Realty 6, LLC's members are citizens of New Hampshire.

8. KM TEH Realty 1, LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of KM TEH Realty 1, LLC's members are citizens of New Hampshire.

9. KM TEH Realty 3, LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of KM TEH Realty 3, LLC's members are citizens of New Hampshire.

10. KM TEH Realty 2, LLC is a Missouri limited liability company with a principal place of business in Clayton, Missouri. On information and belief, none of KM TEH Realty 2, LLC's members are citizens of New Hampshire.

11. SM TEH Realty 2 LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of SM TEH Realty 2 LLC's members are citizens of New Hampshire.

12. SM TEH Realty 1, LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of SM TEH Realty 1, LLC's members are citizens of New Hampshire.

13. SM TEH Realty 6 LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of SM TEH Realty 6 LLC's members are citizens of New Hampshire.

14. KM TEH Realty 8 LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of KM TEH Realty 3, LLC's members are citizens of New Hampshire.

15. KM TEH Realty 4 LLC is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of KM TEH Realty 4 LLC's members are citizens of New Hampshire.

16. YTV Realty LLC is a Missouri limited liability company with a principal place of business in Grandview, Missouri. On information and belief, none of YTV Realty LLC's members are citizens of New Hampshire.

17. YTV Realty, Inc. is a purported corporation of unknown citizenship. On information and belief it is not a citizen of New Hampshire.

18. KM-T.E.H. Realty 10, LLC (ParkGate), DBA ParkGate is a Missouri limited liability company with a principal place of business in Harrisonville, Missouri. On information and belief, none of KM-T.E.H. Realty 10, LLC's members are citizens of New Hampshire.

19. Park Gate Apartments, LLC is a "fictitious name" registered in Missouri and used by KM-T.E.H. Realty 10, LLC. On information and belief, Park Gate Apartments, LLC is not a legal entity and is not a citizen of New Hampshire.

20. Ruskin Apartments LLC is a Missouri limited liability company with a principal place of business in Kansas City, Missouri. On information and belief, none of Ruskin Apartments LLC's members are citizens of New Hampshire.

21. Stoneybrook South Apartments LLC is a Missouri limited liability company with a principal place of business in Kansas City, Missouri. On information and belief, none of Stoneybrook South Apartments LLC's members are citizens of New Hampshire.

22. Brighton Apartments STL LLC is a Missouri limited liability company with a principal place of business in Clayton, Missouri. On information and belief, none of Brighton Apartments STL LLC's members are citizens of New Hampshire.

23. Merchants Bank of Indiana is an Indiana corporation with a principal place of business in Indiana. Merchants Bank of Indiana therefore is a citizen of Indiana.

24. Ana Fuentes is a resident of Kansas City, Missouri, and a citizen of Missouri.

25. Pedro Lopez is a resident of Kansas City, Missouri, and a citizen of Missouri.

26. Kelvin Lopez is a resident of Kansas City, Missouri, and a citizen of Missouri.

27. Tannett Washington is a resident of Kansas City, Missouri, and a citizen of Missouri.

28. Tiyonna Watkins is a resident of Kansas City, Missouri, and a citizen of Missouri.

29. Chris Walters is a resident of Kansas City, Missouri, and a citizen of Missouri.

## JURISDICTION AND VENUE

30. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332(a)(1) by virtue of diversity of citizenship. The amount in controversy exceeds $75,000, exclusive of interest and costs.

31. NAC brings this action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

32. Venue is proper pursuant to 28 U.S.C. § 1391(a)-(c) because the vast majority of defendants are residents of this District, the events and omissions giving rise to this controversy occurred in this District, and the defendants transact business and are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

33. On or about December 14, 2019, NAC issued a Commercial General Liability policy of insurance, number 88-G-0003416-00, to the following named insureds: KM TEH

5

Realty 5 LLC; SM TEH Realty 3 LLC; SM-T.E.H. Realty 4, LLC; SM-T.E.H. Realty 5, LLC; KM TEH Realty 6, LLC; KM TEH Realty 1, LLC; KM TEH Realty 3, LLC; KM TEH Realty 2, LLC; SM TEH Realty 2 LLC; SM TEH Realty 1, LLC; SM TEH Realty 6 LLC; KM TEH Realty 8 LLC; KM TEH Realty 4 LLC; and YTV Realty LLC. This policy hereafter is referred to as the "2019-2020 Policy." The 2019-2020 Policy had an effective date of December 14, 2019 to December 14, 2020, and identified the location of one of the properties to which insurance applied as 11418 Blue Ridge Boulevard, Kansas City, Missouri.

34. The named insureds on the 2019-2020 Policy were amended several times, as follows. On January 7, 2020, the 2019-2020 Policy was amended to change the name of the insured TYV Realty LLC to TYV Realty, Inc. Effective February 24, 2020, the 2019-2020 Policy was amended to delete KM-T.E.H. Realty 6, LLC as a named insured. Effective March 13, 2020, the 2019-2020 Policy was amended to add Stoneybrook South Apartments LLC and Ruskin Apartments LLC as named insureds, and to delete KM TEH Realty 1, LLC and KM TEH Realty 8 LLC as named insureds. Effective March 14, 2020, the 2019-2020 Policy was amended to add KM-T.E.H. Realty 10, LLC (Park Gate), DBA Park Gate, and Park Gate Apartments, LLC. as a named insureds. Effective June 10, 2020, the 2019-2020 Policy was amended to delete YTV Realty, LLC as a named insured. Effective June 30, 2020, the 2019-2020 Policy was amended to delete SM-T.E.H Realty 4, LLC as a named insured. Effective August 31, 2020, the 2019-2020 Policy was amended to delete KM-T.E.H. Realty 2, LLC, KM-T.E.H. Realty 3, LLC, and KM-T.E.H. Realty 4, LLC as named insureds. Effective September 10, 2020, the 2019-2020 Policy was amended to delete SM T.E.H. Realty 3, LLC as a named insured. Effective September 17, 2020, the 2019-2020 Policy was amended to delete SM TEH Realty 1, LLC as a named insured.

35. On September 1, 2020, NAC notified the insureds on the 2019-2020 Policy that that policy would expire on December 14, 2020. NAC asked for information to consider for renewal, including an updated and signed application. The insureds subsequently requested the issuance of three separate policies of insurance, which did issue as described immediately below.

36. On or about December 14, 2020, NAC issued a Commercial General Liability policy of insurance, number 88-G-0003571-00, to Ruskin Apartments, LLC. This policy hereafter is referred to as the "Ruskin Policy." The Ruskin Policy had an effective date of December 14, 2020 to December 14, 2021, and identified the location of the property to which insurance applied as 11418 Blue Ridge Boulevard, Kansas City, Missouri.

37. On or about December 14, 2020, NAC issued a Commercial General Liability policy of insurance, number 88-G0003416-01, to KM TEH Realty 1 LLC. This policy hereafter is referred to as the "KM 1 Policy." The KM 1 Policy had an effective date of December 14, 2020 to December 14, 2021. The named insureds on the KM 1 Policy was amended several times, as follows. Effective January 13, 2021, the KM 1 Policy was amended to add Stoneybrook South Apartments LLC as a named insured. Effective January 13, 2021, the KM 1 Policy was amended to add Merchants Bank of Indiana as an additional insured.

38. On or about December 14, 2020, NAC issued a Commercial General Liability policy of insurance, number 88-G0003570-00, to SM TEH Realty 2, LLC. This policy hereafter is referred to as the "SM 2 Policy." The SM 2 Policy had an effective date of December 14, 2020 to December 14, 2021. The named insureds on the SM 2 Policy was amended several times, as follows. Effective January 13, 2021, the SM 2 Policy was amended to add Brighton Apartments STL, LLC as a named insured. Effective January 13, 2021, the SM 2 Policy was amended to add Merchants Bank of Indiana as an additional insured.

*The Underlying Action*

39. On October 29, 2019, Ana Fuentes, Pedro Lopez, and Kelvin Lopez filed a class action petition against KM-T.E.H. Realty 8, LLC in the Circuit Court of Jackson County, Missouri, No. 1916-CV29273 ("Underlying Action"). KM TEH Realty 8 LLC was an insured under the 2019-2020 Policy.

40. The plaintiffs in the Underlying Action, among other things, complained that the apartments rented to them by KM TEH Realty 8 LLC at 11418 Blue Ridge Boulevard, Kansas City, Missouri were unhabitable.

41. The petition in the Underlying Action was amended on November 19, 2019 to add as plaintiffs Tannett Washington, Tiyonna Watkins, and Chris Walter, and as a defendant Ruskin Place Apartments. Ruskin Apartments LLC subsequently was an insured under the Ruskin Policy.

42. On March 23, 2020, plaintiffs filed a second amended petition to add Michael Fein as a defendant. Mr. Fein was alleged to be the manager of KM-T.E.H. Realty 8, LLC and Ruskin Place Apartments. KM-T.E.H. Realty 8, LLC, Ruskin Place Apartments, and Mr. Fein hereafter jointly are referred to as the "Defendants in the Underlying Action."

43. At no time did the Defendants in the Underlying Action ever advise NAC of the Underlying Action.

44. Personal counsel entered appearances for KM-T.E.H. Realty 8, LLC and Ruskin Place Apartments. None of the Defendants in the Underlying Action, however, filed answers, responded to discovery requests, appeared at hearings, or complied with the court's orders. They generally obstructed the proceedings, and were held in contempt on multiple occasions.

45. The following facts were established in the Underlying Action, as found by a Missouri state judge:

a. Between July 2015 and October 2019, residents of the Ruskin Place Apartments, located at 11418 Blue Ridge Boulevard, Kansas City, Missouri, repeatedly complained to KM TEH Realty 8 LLC that its rented apartments were unhabitable, unsafe, contained mold, lacked air conditioning, lacked adequate heat, were roach and rodent infested, and contained exposed electrical wires.

b. KM TEH Realty 8 LLC was "aware of unsafe and life-threatening conditions faced by tenants living at Ruskin Place Apartments, but chose to ignore their responsibility or repair those conditions." KM TEH Realty 8 LLC refused to make needed repairs as part of an intentional "business practice" that "prey[ed] on low-income citizens and [was] cruel."

c. KM TEH Realty 8 LLC "took advantage of financially vulnerable tenants and denied to them the basic dignity of safe, sanitary and livable apartments." KM TEH Realty 8 LLC harmed residents through "intentional malice."

d. "Repeatedly when complaints were made about the unsafe conditions, Defendants refused to fix the problems and retaliated against tenants."

e. KM TEH Realty 8 LLC issued meritless notices of termination of leases to tenants who complained about the condition of their apartments.

f. On August 21, 2019, KM TEH Realty 8 LLC filed a meritless eviction action against residents of Ruskin Place in retaliation for their complaints about the unhabitable conditions of their apartment. The eviction action was motivated by malice, with intent to harm the defendants. On September 19, 2019, KM TEH Realty 8 LLC's lawyers admitted that there was no basis for the eviction action.

9

46. On September 1, 2020, the court in the Underlying Action held a hearing with live testimony and exhibits to assess damages. The Defendants in the Underlying Action were given notice of the hearing, but failed to appear.

47. On September 15, 2020, the Court assessed damages and entered a final judgment. In total, the court awarded the plaintiffs in the Underlying Action $62,682,672.30.

48. At no time did KM TEH Realty 8, LLC, Ruskin Apartments, LLC, or Mr. Fein notify NAC of the judgment entered in the Underlying Action. NAC first learned of the Underlying Action by happenstance, well after the final judgment had entered.

*The Pending Action*

49. On September 29, 2020, Ana Fuentes, Pedro Lopez, Tannett Washington, Tiyonna Watkins, and Chris Walter filed a new class action petition in the Circuit Court of Jackson County, Missouri, No. 2016-CV19826 ("Pending Action"). The initial petition in the Pending Action named sixty-seven different defendants. The plaintiffs in the Pending Action seek to hold other companies and individuals that are affiliated with KM-T.E.H. Realty 8, LLC and/or Mr. Fein liable for the judgment that entered in the Underlying Action. The plaintiffs further assert that KM-T.E.H. Realty 8, LLC and/or Mr. Fein have fraudulently conveyed their assets to some of the defendants.

50. Thirteen of the defendants in the Pending Action are or were named insureds of NAC under the 2019-2020 Policy, as follows: (1) KM-T.E.H. Realty 1, LLC, (2) KM-T.E.H. Realty 2, LLC, (3) KM-T.E.H. Realty 3, LLC, (4) KM-T.E.H. Realty 4, LLC, (5) KM-T.E.H. Realty 5, LLC, (6) KM-T.E.H. Realty 6, LLC, (7) KM-T.E.H. 8, LLC, (8) SM-T.E.H. Realty 1, LLC, (8) SM-T.E.H. Realty 2, LLC, (10) SM-T.E.H. Realty 3, LLC, (11) SM-T.E.H. Realty 5, LLC, (12) SM-T.E.H. Realty 6, LLC, and (13) YTV Realty, LLC.

51. One of those defendants, KM T.E.H. Realty 1, LLC, also is an insured of NAC under the KM 1 Policy.

52. Another of those defendants, SM T.E.H. Realty 2 LLC, is an insured under the SM 2 Policy.

53. On August 20, 2021, the plaintiffs in the Pending Action filed a second amended petition, naming NAC as an additional defendant. The plaintiffs in the Pending Action asserted a claim of "equitable garnishment" against NAC, asserting that they are entitled recover from 2019-2020 Policy to satisfy the judgment that entered against KM-T.E.H. Realty 8, LLC and/or Mr. Fein in the Underlying Action.

54. The service of the second amended petition was the first notice that NAC received of the Pending Action.

55. On October 29, 2921 NAC rescinded the 2019-2020 Policy, the Ruskin Policy, the KM 1 Policy, and the SM 2 Policy, and disclaimed coverage for the Underlying Action and Pending Action. A copy of that letter is attached hereto.

<em><u>Procurement of the 2019-2020 Policy</u></em>

56. The 2019-2020 Policy was obtained by misrepresentations and/or fraud.

57. On November 12, 2019, multiple related entities, including KM TEH Realty 8 LLC, submitted an application for insurance to NAC. The application required the applicants to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." The applicants submitted a three year loss history, but did not disclose any claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

58. On November 19, 2019, the applicants, including KM TEH Realty 8 LLC, submitted to NAC additional liability loss runs. The applicants did not disclose any claims or

Case 4:21-cv-00799-DGK   Document 3   Filed 11/10/21   Page 11 of 18

losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

59. On or about December 19, 2019, the applicants, including KM TEH Realty 8 LLC, submitted to NAC a signed application. Again, the applicants did not disclose any claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

60. At the time the application for insurance was submitted and pending, KM TEH Realty 8 LLC was aware of, but failed to disclose as required, all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. Specifically, based on facts established in the Underlying Action described above, KM TEH Realty 8 LLC at the time it submitted its application to NAC was aware of the following.

    a. Between July 2015 and October 2019, residents of the Ruskin Place Apartments, located at 11418 Blue Ridge Boulevard, Kansas City, Missouri, repeatedly complained to KM TEH Realty 8 LLC that its rented apartments were unhabitable, unsafe, contained mold, lacked air conditioning, lacked adequate heat, were roach and rodent infested, and contained exposed electrical wires.

    b. KM TEH Realty 8 LLC was "aware of unsafe and life-threatening conditions faced by tenants living at Ruskin Place Apartments, but chose to ignore their responsibility or repair those conditions." KM TEH Realty 8 LLC refused to make needed repairs as part of an intentional "business practice" that "prey[ed] on low-income citizens and [was] cruel."[1]

---

[1] The Court, in its final judgment, also found that KM TEH Realty 8 LLC's "parent, sister, and holding companies are implementing [the same] business model throughout Missouri, principally in Kansas City and St. Louis." NAC expressly reserves its rights to rescind any policy it may have issued to such companies if also obtained by misrepresentations or fraud.

12

c. KM TEH Realty 8 LLC "took advantage of financially vulnerable tenants and denied to them the basic dignity of safe, sanitary and livable apartments." KM TEH Realty 8 LLC harmed residents through "intentional malice."

d. "Repeatedly when complaints were made about the unsafe conditions, Defendants refused to fix the problems and retaliated against tenants."

e. KM TEH Realty 8 LLC issued meritless notices of termination of leases to tenants who complained about the condition of their apartments.

f. On August 21, 2019, KM TEH Realty 8 LLC filed a meritless eviction action against residents of Ruskin Place in retaliation for their complaints about the unhabitable conditions of their apartment. The eviction action was motivated by malice, with intent to harm the defendants. On September 19, 2019, KM TEH Realty 8 LLC's lawyers admitted that there was no basis for the eviction action.

61. Separate and apart from KM TEH Realty 8 LLC's knowledge of the underlying facts set forth above, KM TEH Realty 8 LLC also was aware, at the time it applied for insurance, that it actually had been sued for its actions. The complaint in the Underlying Action was served upon KM TEH Realty 8 LLC on November 13, 2019. KM TEH Realty 8 LLC therefore knew, at least six days before it submitted its loss runs to NAC on November 19, 2019, and at least thirty-six days before it submitted its signed application on December 19, 2019, that it had been sued. None of the applicants, however, including KM TEH Realty 8 LLC, provided NAC notice of the pending lawsuit.

62. Because KM TEH Realty 8 LLC, at the time it applied to NAC for insurance, was aware of claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims, but failed to disclose that information in its insurance application as required, the 2019-2020 Policy was procured by misrepresentations and/or fraud.

13

63. On or about October 29, 2021, NAC provided the named insureds on the 2019-2020 Policy with written notice that the policy was rescinded because it was obtained by misrepresentations and/or fraud. A copy of that letter is attached hereto. Simultaneously, NAC refunded to the named insureds on the 2019-2020 Policy the premium paid for that policy – i.e., $127,496.

## *Procurement of the Ruskin Policy*

64. The Ruskin Policy was obtained by misrepresentations and/or fraud.

65. On September 1, 2020, NAC notified the insureds on the 2019-2020 Policy (Policy Number 88-G0003416-00) that that policy would expire on December 14, 2020. NAC asked for information to consider for renewal, including an updated and signed application.

66. On or about December 8, 2020, the insureds on the 2019-2020 Policy asked NAC to replace that policy with three separate policies of insurance, and submitted three separate applications for insurance. One of the applications was submitted on behalf of Ruskin Apartments LLC, and identified the premises location as 11418 Blue Ridge Boulevard, Kansas City, Missouri.

67. The application required Ruskin Apartments LLC to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." Ruskin Apartments LLC did not disclose any pending claims or occurrences that may result in claims.

68. At the time the application for insurance was submitted, Ruskin Apartments LLC was aware of, but failed to disclose, claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. Specifically, on November 19, 2019, the complaint in the Underlying Action had been amended to name Ruskin Place Apartments as a defendant. The amended complaint was served on Ruskin Place Apartments on November 25,

14

2019. Ruskin Apartments, LLC therefore was aware, for more than a year before it applied for insurance with NAC, that it was a party to a lawsuit. Ruskin Apartments, LLC, however, did not provide NAC notice of the pending lawsuit in the application process.

69. Because Ruskin Apartments LLC, at the time it applied to NAC for insurance, knew of claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims, but failed to disclose that information in its insurance application as required, the Ruskin Policy was procured by misrepresentations and/or fraud.

70. On or about October 29, 2021, NAC provided Ruskin Apartments LLC with written notice that the Ruskin Policy was rescinded because it was obtained by misrepresentations and/or fraud. A copy of that letter is attached hereto. Simultaneously, NAC refunded to the named insureds on the Ruskin Policy the premium paid for that policy – i.e., $4,891.

*Procurement of the KM 1 Policy*

71. The KM 1 Policy was obtained by misrepresentations and/or fraud.

72. On September 1, 2020, NAC notified the insureds on the 2019-2020 Policy (Policy Number 88-G0003416-00) that that policy would expire on December 14, 2020. NAC asked for information to consider for renewal, including an updated and signed application.

73. On or about December 8, 2020, the insureds on the 2019-2020 Policy asked NAC to replace that policy with three separate policies of insurance, and submitted three separate applications for insurance. One of the applications was submitted on behalf of KM TEH Realty 1 LLC. On December 16, 2020, KM TEH Realty 1 LLC submitted a signed application.

74. The application required KM TEH Realty 1 LLC to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." KM TEH Realty 1 LLC did not disclose any pending claims or occurrences that may result in claims.

15

75. At the time the application for insurance was submitted, KM TEH Realty 1 LLC was aware of, but failed to disclose, all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. On December 2, 2020, KM TEH Realty 1 LLC was served with the complaint in the Pending Action. KM TEH Realty 1, LLC therefore was aware, at least six days before it applied for insurance with NAC, and fourteen days before it submitted its signed application, that it was a party to a lawsuit. KM TEH Realty 1 LLC, however, did not provide NAC notice of the pending lawsuit in the application process.

76. On or about October 29, 2021, NAC provided KM TEH Realty 1 LLC with written notice that the KM 1 Policy was rescinded because it was obtained by misrepresentations and/or fraud. A copy of that letter is attached hereto. Simultaneously, NAC refunded to the named insureds on the KM 1 Policy the premium paid for that policy – i.e., $5,175.

*Procurement of the SM 2 Policy*

77. The SM 2 Policy was obtained by misrepresentations and/or fraud.

78. On September 1, 2020, NAC notified the insureds on the 2019-2020 Policy (Policy Number 88-G0003416-00) that that policy would expire on December 14, 2020. NAC asked for information to consider for renewal, including an updated and signed application.

79. On or about December 8, 2020, the insureds on the 2019-2020 Policy asked NAC to replace that policy with three separate policies of insurance, and submitted three separate applications for insurance. One of the applications was submitted on behalf of SM TEH Realty 2 LLC. On December 16, 2020, SM TEH Realty 2 LLC submitted a signed application.

80. The application required SM TEH Realty 2 LLC to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." SM TEH Realty 2 LLC did not disclose any pending claims or occurrences that may result in claims.

16

81. At the time the application for insurance was submitted, SM TEH Realty 2 LLC was aware of, but failed to disclose, all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. On December 2, 2020, SM TEH Realty 2 LLC was served with the complaint in the Pending Action. SM TEH Realty 2 LLC therefore was aware, at least six days before it applied for insurance with NAC, and fourteen days before it submitted its signed application, that it was a party to a lawsuit. SM TEH Realty 2 LLC, however, did not provide NAC notice of the pending lawsuit in the application process.

82. On or about October 29, 2021, NAC provided SM TEH Realty 2 LLC with written notice that the SM 2 Policy was rescinded because it was obtained by misrepresentations and/or fraud. A copy of that letter is attached hereto. Simultaneously, NAC refunded to the named insureds on the SM 2 Policy the premium paid for that policy – i.e., $6,351.

## COUNT I – DECLARATORY JUDGMENT - RESCISSION

83. NAC repeats and realleges the allegations in the prior paragraphs as if fully set forth herein.

84. The insureds on the 2019-2020 Policy, the Ruskin Policy, the KM 1 Policy, and the SM 2 Policy made representations that they warranted to be true – *i.e.*, that they were unaware of claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. Those representations were false and material.

85. NAC issued the 2019-2020 Policy, the Ruskin Policy, the KM 1 Policy, and the SM 2 Policy conditioned upon the truth of the applications provided.

86. The 2019-2020 Policy, the Ruskin Policy, the KM 1 Policy, and the SM 2 Policy expressly provided that by accepting the policies, the insureds agreed that NAC has issued the policies in reliance on the insured's representations.

87. An actual case and controversy exists between NAC and the Defendants as to whether NAC has properly rescinded the 2019-2020 Policy, the Ruskin Policy, the KM 1 Policy, and the SM 2 Policy.

WHEREFORE, NAC respectfully requests that this Court issue a Declaratory Judgment against the Defendants providing as follows:

1. It is hereby DECLARED and ADJUDGED that NAC properly rescinded the 2019-2020 Policy, the Ruskin Policy, the KM 1 Policy, and the SM 2 Policy, and that those policies therefore are void *ab initio;* and

2. For such other relief as the Court deems just and appropriate.

Dated: November 10, 2021

Respectfully submitted,

NORTH AMERICAN CAPACITY INSURANCE COMPANY,

By its Attorneys,

*/s/ Stephen J. Moore*
_____
Stephen J. Moore, #58100
Galloway, Johnson, Tompkins, Burr & Smith, P.C.
222 S. Central Ave., Suite 1110
St. Louis, MO 63105
Phone: (314)725-0525
Facsimile: (314) 725-7150
smoore@gallowaylawfirm.com

Kurt B. Fliegauf (admission pending)
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
One Federal Street, 15th Floor
Boston, MA 02110
Phone: (617) 482-8200
Facsimile: (617) 482-6444
E-mail: kfliegauf@connkavanaugh.com