

# Golden Bear Management Corporation

October 29, 2021

## RESCISISON OF POLICIES AND DISCLAIMER OF COVERAGE

By Certified Mail and First Class Mail

KM TEH Realty 5 LLC
501 Washington Street, Suite 404
Reading, PA 19601

KM TEH Realty 5 LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

SM TEH Realty 3 LLC
501 Washington Street, Suite 404
Reading, PA 19601

SM TEH Realty 3 LLC
221 Bolivar Street
Jefferson City, MO 64101

SM-T.E.H. Realty 4, LLC
501 Washington Street, Suite 404
Reading, PA 19601

SM-T.E.H. Realty 4, LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

SM-T.E.H. Realty 5, LLC
501 Washington Street, Suite 404
Reading, PA 19601

SM-T.E.H. Realty 5, LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

KM TEH Realty 6, LLC
501 Washington Street, Suite 404
Reading, PA 19601

KM TEH Realty 6, LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

KM TEH Realty 1, LLC
501 Washington Street, Suite 404
Reading, PA 19601

KM TEH Realty 1, LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

KM TEH Realty 3, LLC
501 Washington Street, Suite 404
Reading, PA 19601

KM TEH Realty 3, LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

KM TEH Realty 2, LLC
501 Washington Street, Suite 404
Reading, PA 19601

KM TEH Realty 2, LLC
120 South Central Avenue
Clayton, MO 63105

SM TEH Realty 2 LLC
501 Washington Street, Suite 404
Reading, PA 19601

SM TEH Realty 2 LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

SM TEH Realty 1, LLC
501 Washington Street, Suite 404
Reading, PA 19601

SM TEH Realty 1, LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

SM TEH Realty 6 LLC
501 Washington Street, Suite 404
Reading, PA 19601

SM TEH Realty 6 LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

KM TEH Realty 8 LLC
501 Washington Street, Suite 404
Reading, PA 19601

KM TEH Realty 8 LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

KM TEH Realty 4 LLC
501 Washington Street, Suite 404
Reading, PA 19601

KM TEH Realty 4 LLC
117 S. Lexington Street, Suite 100
Harrisonville, MO 64701

YTV Realty LLC
501 Washington Street, Suite 404
Reading, PA 19601

YTV Realty LLC
5709 E. 139th Terrace, Unit 1
Grandview, MO 64030

Ruskin Apartments LLC
501 Washington Street, Suite 404
Reading, PA 19601

Ruskin Apartments LLC
11418 Blue Ridge Boulevard
Kansas City, MO 64134

Stoneybrook South Apartments LLC
c/o Lexington Realty
911 E. County Line Road #206
Lakewood, NJ 98791

Stoneybrook South Apartments LLC
11418 Blue Ridge Boulevard
Kansas City, MO 64134

RE: Policy Numbers: 88-G0003416-00
88-G0003571-00
88-G0003416-01
88-G0003570-00
Insureds: See Above and Below
Claimants: Ana Fuentes, Pedro Lopez, Kelvin Lopez, Tannett Washington, Tiyonna Watkins, Chris Walter, and all others similarly situated
Dates of Losses: July 2015 – October 2020
Returned Premiums: $127,496.00 on 88-G0003416-00
$4,891.00 on 88-G0003571-00
$5,175.00 on 88-G0003416-01
$6,351.00 on 88-G-0003570-00

KM TEH Realty 5 LLC, et al.
October 29, 2021
Page 3

Dear Sir or Madam:

Please accept this correspondence as notice that North American Capacity Insurance Company ("NAC") hereby **rescinds** the following four policies: (1) Policy Number 88-G0003416-00, (2) Policy Number 88-G0003571-00, (3) Policy Number 88-G0003416-01, and (4) Policy Number 88-G-0003570-00. Enclosed herewith are four checks in the amount equal to the premiums that the insureds paid to NAC for those policies, as explained below.

Please further accept this correspondence as notice that NAC **disclaims coverage** for the claims asserted in two lawsuits. The first lawsuit was filed in the Circuit Court of Jackson County, Missouri, No. 1916-CV29273 ("Underlying Action"), and is further described below. The second was filed in the Circuit Court of Jackson County, Missouri, No. 2016-CV19826 ("Pending Action"), and also is further described below.

### *RESCISSION OF POLICY 88-G0003416-00*

Policy Number 88-G-0003416-00 was issued by NAC to the following named insureds: (1) KM TEH Realty 5 LLC, (2) SM TEH Realty 3 LLC, (3) SM-T.E.H. Realty 4, LLC, (4) SM-T.E.H. Realty 5, LLC, (5) KM TEH Realty 6, LLC, (6) KM TEH Realty 1, LLC, (7) KM TEH Realty 3, LLC, (8) KM TEH Realty 2, LLC, (9) SM TEH Realty 2 LLC, (10) SM TEH Realty 1, LLC, (11) SM TEH Realty 6 LLC, (12) KM TEH Realty 8 LLC, (13) KM TEH Realty 4 LLC, and (14) YTV Realty LLC. It had an effective date of December 14, 2019 to December 14, 2020. The policy identified the location of one of the properties to which insurance applied as 11418 Blue Ridge Boulevard, Kansas City, Missouri.

Policy Number 88-G-0003416-00 is rescinded because it was obtained by misrepresentations and/or fraud.

On November 12, 2019, multiple related entities, including KM TEH Realty 8 LLC, submitted an application for insurance to NAC. The application required the applicants to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." The applicants submitted a three year loss history, but did not disclose any pending claims or occurrences that may result in claims.

On November 19, 2019, the applicants, including KM TEH Realty 8 LLC, submitted additional liability loss runs. The applicants did not disclose any claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

Golden Bear Management Corporation

On or about December 19, 2019, the applicants, including KM TEH Realty 8 LLC, submitted a signed application. Again, the applicants did not disclose any claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

At the time the application for insurance was submitted and pending, KM TEH Realty 8 LLC was aware of, but failed to disclose as required, all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. Specifically, based on facts established in the Underlying Action described below, KM TEH Realty 8 LLC at the time it submitted its application to NAC was aware of the following.

1. Between July 2015 and October 2019, residents of the Ruskin Place Apartments, located at 11418 Blue Ridge Boulevard, Kansas City, Missouri, repeatedly complained to KM TEH Realty 8 LLC that its rented apartments were unhabitable, unsafe, contained mold, lacked air conditioning, lacked adequate heat, were roach and rodent infested, and contained exposed electrical wires.

2. KM TEH Realty 8 LLC was "aware of unsafe and life-threatening conditions faced by tenants living at Ruskin Place Apartments, but chose to ignore their responsibility or repair those conditions." KM TEH Realty 8 LLC refused to make needed repairs as part of an intentional "business practice" that "prey[ed] on low-income citizens and [was] cruel."[1]

3. KM TEH Realty 8 LLC "took advantage of financially vulnerable tenants and denied to them the basic dignity of safe, sanitary and livable apartments." KM TEH Realty 8 LLC harmed residents through "intentional malice."

4. "Repeatedly when complaints were made about the unsafe conditions, Defendants refused to fix the problems and retaliated against tenants."

5. KM TEH Realty 8 LLC issued meritless notices of termination of leases to tenants who complained about the condition of their apartments.

---

[1] The Court, in its final judgment, also found that KM TEH Realty 8 LLC's "parent, sister, and holding companies are implementing [the same] business model throughout Missouri, principally in Kansas City and St. Louis." NAC expressly reserves its rights to rescind any policy it may have issued to such companies if also obtained by misrepresentations or fraud.

    6.    On August 21, 2019, KM TEH Realty 8 LLC filed a meritless eviction action against residents of Ruskin Place in retaliation for their complaints about the unhabitable conditions of their apartment. The eviction action was motivated by malice, with intent to harm the defendants. On September 19, 2019, KM TEH Realty 8 LLC's lawyers admitted that there was no basis for the eviction action.

Separate and apart from KM TEH Realty 8 LLC's knowledge of the underlying facts set forth above, KM TEH Realty 8 LLC also was aware, at the time it applied for insurance, that it actually had been sued for its actions. The complaint in the Underlying Action was served upon KM TEH Realty 8 LLC on November 13, 2019. KM TEH Realty 8 LLC therefore knew, at least six days before it submitted its loss runs to NAC on November 19, 2019, and thirty-six days before it submitted its signed application on December 19, 2019, that it had been sued. None of the applicants, however, including KM TEH Realty 8 LLC, provided NAC notice of the pending lawsuit.

Because KM TEH Realty 8 LLC, at the time it applied to NAC for insurance, knew of claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims, but failed to disclose that information in its insurance application as required, Policy Number 88-G0003416-00 was procured by misrepresentations and/or fraud. NAC therefore rescinds Policy Number 88-G0003416-00. As required, NAC is refunding the premium paid for that policy – *i.e.*, $127,496.

### *RESCISSION OF POLICY* 88-G0003571-00

Policy Number 88-G-0003571-00 was issued by NAC to Ruskin Apartments, LLC. It had an effective date of December 14, 2020 to December 14, 2021, but was cancelled by NAC effective June 12, 2021. The policy identified the location of Ruskin Apartments, LLC's property as 11418 Blue Ridge Boulevard, Kansas City, Missouri – *i.e.*, the address of the Ruskin Place Apartments, and the location from which the claims in the Underlying Action arose.

Policy Number 88-G-0003571-00 is rescinded because it was obtained by misrepresentations and/or fraud.

On September 1, 2020, NAC notified the insureds on Policy Number 88-G0003416-00 that that policy would expire on December 14, 2020. NAC asked for information to consider for renewal, including an updated and signed application.

On or about December 8, 2020, the insureds asked NAC to replace Policy Number 88-G0003416-00 with three separate policies of insurance, and submitted three separate applications for insurance. One of the applications was submitted on behalf of Ruskin Apartments LLC, and identified the premises location as 11418 Blue Ridge Boulevard, Kansas City, Missouri. On December 16, 2020, Ruskin Apartments LLC submitted a signed application.

The application required Ruskin Apartments LLC to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." Ruskin Apartments LLC did not disclose any claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

At the time the application for insurance was submitted, Ruskin Apartments LLC was aware of, but failed to disclose, all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. On November 19, 2019, the complaint in the Underlying Action had been amended to name Ruskin Place Apartments as a defendant. The amended complaint was served on Ruskin Place Apartments on November 25, 2019. Ruskin Apartments, LLC therefore was aware, for more than a year before it applied for insurance with NAC, that it was a party to a lawsuit. Ruskin Apartments, LLC, however, did not provide NAC notice of the pending lawsuit in the application process.

In reliance on Ruskin Apartments, LLC's application, NAC issued Policy Number 88-G0003571-00. Because Ruskin Apartments, LLC, at the time it applied to NAC for insurance, knew of claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims, but failed to disclose that information in its insurance application as required, Policy Number 88-G0003571-00 was procured by misrepresentations and/or fraud. NAC therefore rescinds Policy Number 88-G0003571-00. As required, NAC is refunding the premium paid for that policy – *i.e.*, $4,891.

### *RESCISSION OF POLICY 88-G0003416-01*

Policy Number 88-G0003416-01 was issued by NAC to KM TEH Realty 1 LLC. Effective January 13, 2021, the policy was amended to add as a named insured Stoneybrook South Apartments LLC. The policy had an effective date of December 14, 2020 to December 14, 2021, but was cancelled by NAC effective June 12, 2021.

Policy Number 88-G0003416-01 is rescinded because it was obtained by misrepresentations and/or fraud.

KM TEH Realty 5 LLC, et al.
October 29, 2021
Page 7

On September 1, 2020, NAC notified the insureds on Policy Number 88-G0003416-00 that that policy would expire on December 14, 2020. NAC asked for information to consider for renewal, including an updated and signed application.

On or about December 8, 2020, the insureds asked NAC to replace Policy Number 88-G0003416-00 with three separate policies of insurance, and submitted three separate applications for insurance. One of the applications was submitted on behalf of KM TEH Realty 1 LLC. On December 16, 2020, KM TEH Realty 1 LLC submitted a signed application.

The application required KM TEH Realty 1 LLC to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." KM TEH Realty 1 LLC did not disclose any claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

At the time the application for insurance was submitted, KM TEH Realty 1 LLC was aware of, but failed to disclose, all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. On December 2, 2020, KM TEH Realty 1 LLC was served with the complaint in the Pending Action. KM TEH Realty 1, LLC therefore was aware, at least six days before it applied for insurance with NAC, and fourteen days before it submitted its signed application, that it was a party to a lawsuit. KM TEH Realty 1 LLC, however, did not provide NAC notice of the pending lawsuit in the application process.

In reliance on Ruskin Apartments, LLC's application, NAC issued Policy Number 88-G0003416-001. Because KM TEH Realty 1 LLC, at the time it applied to NAC for insurance, knew of claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims, but failed to disclose that information in its insurance application as required, Policy Number 88-G0003416-01 was procured by misrepresentations and/or fraud. NAC therefore rescinds Policy Number 88-G0003416-01. As required, NAC is refunding the premium paid for that policy – *i.e.*, $5,175.

### *RESCISSION OF POLICY 88-G-0003570-00*

Policy Number 88-G-0003570-00 was issued by NAC to SM TEH Realty 2 LLC. The policy had an effective date of December 14, 2020 to December 14, 2021, but was cancelled by NAC effective June 12, 2021.

Policy Number 88-G-0003570-00 is rescinded because it was obtained by misrepresentations and/or fraud.

On September 1, 2020, NAC notified the insureds on Policy Number 88-G0003416-00 that that policy would expire on December 14, 2020. NAC asked for information to consider for renewal, including an updated and signed application.

On or about December 8, 2020, the insureds asked NAC to replace Policy Number 88-G0003416-00 with three separate policies of insurance, and submitted three separate applications for insurance. One of the applications was submitted on behalf of SM TEH Realty 2 LLC. On December 16, 2020, SM TEH Realty 2 LLC submitted a signed application.

The application required SM TEH Realty 2 LLC to identify "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." SM TEH Realty 2 LLC did not disclose any claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims.

At the time the application for insurance was submitted, SM TEH Realty 2 LLC was aware of, but failed to disclose, all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims. On December 2, 2020, SM TEH Realty 2 LLC was served with the complaint in the Pending Action. SM TEH Realty 2 LLC therefore was aware, at least six days before it applied for insurance with NAC, and fourteen days before it submitted its signed application, that it was a party to a lawsuit. SM TEH Realty 2 LLC, however, did not provide NAC notice of the pending lawsuit in the application process.

In reliance on Ruskin Apartments, LLC's application, NAC issued Policy Number 88-G0003570-00. Because SM TEH Realty 2 LLC, at the time it applied to NAC for insurance, knew of claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims, but failed to disclose that information in its insurance application as required, Policy Number 88-G-0003570-00 was procured by misrepresentations and/or fraud. NAC therefore rescinds Policy Number 88-G-0003570-00 As required, NAC is refunding the premium paid for that policy – *i.e.*, $6,351.

## *DISCLAIMER OF COVERAGE – UNDERLYING ACTION*

On October 29, 2019, three residents of the Ruskin Apartments, located at 11418 Blue Ridge Boulevard, Kansas City, Missouri filed the complaint in the Underlying Action against KM-T.E.H. Realty 8, LLC. The complaint was amended on November 19, 2019 to add three additional residents as plaintiffs, and Ruskin Place Apartments as defendant. On March 23, 2020, plaintiffs filed a second amended complaint to add Michael Fein as a defendant. Mr. Fein is alleged to be the manager of KM-T.E.H. Realty 8, LLC and Ruskin Place Apartments. KM-T.E.H.

Realty 8, LLC, Ruskin Place Apartments, and Mr. Fein hereafter jointly are referred to as the "Defendants."

The complaint asserted four claims. Count One sought an injunction that would allow the plaintiffs to pay their rent into the Court rather than to the Defendants, and require the Defendants to immediately perform necessary maintenance and repairs to their units. Count Two alleged violations of the Missouri Merchandizing Practices Act, which prohibits the use of unfair or deceptive practices in trade or commerce. There, the plaintiffs alleged that they had incurred emotional distress due to the Defendants' conduct, which was described as "malicious, intentional, reckless, corrupt, predatory, and sufficiently in disregard of the plaintiffs' rights to support an award of punitive damages." Count Three alleged breach of the implied warranty of habitability. Count Four, which was not a class action claim and instead was asserted by a family consisting of Ana Fuentes, Pedro Lopez, and Kelvin Lopez, asserted a claim for malicious prosecution in connection with eviction proceedings initiated by the Defendants in retaliation for their complaints.

On March 23, 2020, counsel for KM-T.E.H. Realty 8, LLC for the first time entered an appearance. On March 30, 2020, different counsel entered his appearance for Ruskin Apartments. No appearance was entered for Mr. Fein.

Although KM-T.E.H. Realty 8, LLC and Ruskin Apartments were represented by counsel, none of the Defendants filed answers, responded to discovery requests, appeared at hearings, or complied with the Court's orders. They generally obstructed the proceedings, and were held in contempt on multiple occasions.

On May 1, 2020, partial summary judgment entered in favor of Ana Fuentes, Pedro Lopez, and Kelvin Lopez, and against the defendants, on the malicious prosecution claim (Count Four).

On June 30, 2020, as a sanction for the Defendants' contemptuous behavior, the Court struck the Defendants' pleadings and entered a judgment on Counts Two and Three of the amended complaint – *i.e.*, violation of the Missouri Merchandizing Practices Act and breach of the implied warranty of habitability.

On September 1, 2020, the Court held a hearing with live testimony and exhibits to assess damages. The Defendants were given notice of the hearing, but failed to appear.

On September 15, 2020, the Court assessed damages and entered a final judgment. With regard to Counts Two and Three, the Court assessed compensatory

damages against KM-T.E.H. Realty 8, LLC and Mr. Fein in the amount of $11,706,792.23. That amount consisted of the return of rents to the class and an award of emotional distress damages. The Court also ordered rent payments that the individual defendants had paid into the Court, totaling $5,895, be returned to them.

The Court then turned to punitive damages. The Court found that KM-T.E.H. Realty 8, LLC and Mr. Fein "took advantage of financially vulnerable tenants and denied to them the basic dignity of safe, sanitary and livable apartments." The Court further found that the "business model used by [KM-TEH 8] and Fein preys on low-income citizens and is cruel." The Court awarded punitive damages in the amount of $23,413,584.46 against KM-T.E.H. Realty 8, LLC, and $16,800,000 against Mr. Fein.

With regard to the malicious prosecution claim asserted by Ana Fuentes, Pedro Lopez, and Kelvin Lopez, the Court ordered KM-T.E.H. Realty 8, LLC and Mr. Fein to pay $13,604.50 in economic damages, $45,000 for emotional distress, and $100,000 in punitive damages. The Court expressly found that KM-T.E.H. Realty 8, LLC and Mr. Fein had retaliated against the family for complaining about their unsafe living conditions, and that they were served with a notice of eviction and petition for rent and possession despite the family having made timely rental payments. Indeed, the Court noted that the law firm representing KM-T.E.H. Realty 8, LLC in the eviction action admitted that the family was in full compliance with the terms of their lease.

On December 4, 2020, the Court allowed attorneys' fees in the amount of $20,831,592.50, half of which was to come from the assessed damages, and half of which was to be paid by the defendants. The Court additionally awarded costs of about $16,000, and an incentive award to the six class representatives in the amount of $25,000 each. The total award therefore was $62,682,672.30.

At no time did KM TEH Realty 8, LLC, Ruskin Apartments, LLC, or Mr. Fein notify NAC of the Underlying Action. NAC first learned of the Underlying Action by happenstance, well after the final judgment had entered.

### *Coverage Analysis – Underlying Action*

The following policies issued by NAC are potentially applicable to the Underlying Action: Policy Number 88-G-0003416-00 and Policy Number 88-G-0003571-00. Those policies hereafter are referred to as the policies that are potentially applicable to the Underlying Action, or "UA Policies."

KM TEH Realty 5 LLC, et al.
October 29, 2021
Page 11

NAC does did not owe a duty to defend, and does not owe a duty indemnify, the defendants in the Underlying Action, for the following reasons.

First, as set forth above, the UA Policies are rescinded. Accordingly, they are void and do not provide coverage.

Second, none of the Defendants ever notified NAC of the Underlying Action. Indeed, NAC did not learn of the Underlying Action until well after final judgment had entered. The UA Policies expressly required the insureds to provide NAC with notice of any suit that is asserted against them, as follows.

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> . . .
>
> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> . . .
>
> **b.** If a claim is made or "suit" is brought against any insured, you must:
>
> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
>
> **(2)** Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> **c.** You and any other involved insured must:
>
> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>
> . . .
>
> **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit" . . .

Under Missouri law, where an insured fails to notify the insurer of a suit, prejudice is presumed to automatically follow. See Rocha v. Metro. Property and

Cas. Ins., 14 S.W.3d 242, 248 (Mo.App.W.D. 2000) (the insured's failure to forward copy of amended petition to insurer was unexcused and, therefore, created presumption of prejudice, and the insurer owed no duty to defend against original allegation of conspiracy); Anderson v. Slayton, 662 S.W.2d 575, 577–578 (Mo.App.W.D. 1983) ("If the failure of the insured to forward the suit papers to the insurer is unexcused, prejudice automatically follows from the denial to the insurer of any opportunity to defend against the claim."). Here, the presumption of prejudice is well supported by the facts. Because the Defendants did not notify NAC of the Underlying Action, NAC was unable to appoint defense counsel. The Defendants did not actively defend themselves, and repeatedly were found to have been in contempt of the Court's orders. Because of this, the Court entered a judgment against them. Then, the Defendants failed to appear at the assessment of damages hearing, resulting in a significant damages award. Because NAC was prejudiced by the Defendants' failure to provide notice of the Underlying Action, no coverage is owed under the UA Policies.

Third, the plaintiffs did not allege "bodily injury" or "property damage" as is required under "Coverage A" of UA Policies. The UA Policies provide as follows.

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
>     . . .

No such damages on account of "bodily injury" or "property damages" were alleged or established in the Underlying Action. Rather, the plaintiffs alleged that the insureds' rental of uninhabitable apartments caused them economic damages and emotional distress damages. Emotional distress that is unaccompanied by bodily injury is not covered. See Citizens Ins. Co. of America v. Leiendecker, 962 S.W.2d

446, 454 (1998) (the phrase bodily injury is not ambiguous, and "refers to physical conditions of the body and excludes mental suffering or emotional distress").

Fourth, although the plaintiffs did allege and establish a "personal and advertising injury" as is required for "Coverage B" of the UA Policies, no coverage applies because that loss took place prior to the inception of the UA Policies. The UA Policies provide as follows.

### SECTION I – COVERAGES

### COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

    . . .

    **b.**  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

The UA Policies define "personal and advertising injury" to include a claim of "malicious prosecution," which is one of the claims asserted in the Underlying Action. That offense, however, took place on August 21, 2019, when KM TEH Realty 8 LLC filed a meritless eviction action against residents of Ruskin Place in retaliation for their complaints about the unhabitable conditions. Accordingly, the offense of malicious prosecution did not take place during the policy period of the UA Policies as required, the earliest of which incepted on December 14, 2019.

Fifth, other policy provisions preclude coverage, including but not necessarily limited to the following.

- The UA Policies exclude coverage for any harm that "first manifests in whole or in part, prior to the effective date of the policy." The harm incurred by the Plaintiffs manifested between July 2015 and October 29, 2019 – well prior to the effective dates of the UA Policies, the earliest of which incepted on December 14, 2019.

- The UA Policies exclude coverage for "punitive or exemplary damages," and for "damages which are not compensatory damages." The punitive damages award therefore is excluded.

- For "bodily injury" or "property damage," the harm must be "during the policy period." Most if not all of the alleged harm in the Underlying Action took place prior to the inception of the UA Policies.

- For "bodily injury" or "property damage," the UA Policies require that the harm occur due to an "occurrence," which is defined as an "accident." As found by the Court, the Defendants intentionally harmed the plaintiffs pursuant to an intentional business plan, rather than by an accident.

- For "bodily injury" or "property damage," the UA Policies exclude coverage for harm that is "expected or intended from the standpoint of the insured." As found by the Court, the Defendants expected or intended to harm the plaintiffs.

- For "property damage," the UA Policies exclude coverage for harm to property that the insureds "own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property." The uninhabitable apartments rented by the Defendants therefore do not constitute property damage.

- For "personal and advertising injury," the UA Policies exclude coverage for harm that is "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury." As found by the Court, the Defendants knew that filing the eviction action was without basis and would harm the plaintiffs.

- The UA Policies exclude coverage for claims "arising out of, resulting from, or caused or contributed by any 'fungi,' mildew, spore, mold yeast, bacteria or 'microbes' or exposure to any 'fungi, mildew, spore, mold, yeast, bacteria or 'microbes" or any materials containing them at any time." The plaintiffs' complaints of mold, and any damages related thereto, are not covered.

For the foregoing reasons, NAC disclaims coverage for the Underlying Litigation.

### *DISCLAIMER OF COVERAGE – PENDING ACTION*

On September 29, 2020, the same plaintiffs who had filed the Underlying Action filed a new class action lawsuit in the Circuit Court of Jackson County, Missouri, No. 2016-CV19826 ("Pending Action"). On October 27, 2020, the plaintiffs filed an amended complaint. On August 20, 2021, the plaintiffs in the Pending Action filed a second amended complaint, naming as additional defendants NAC and Golden Bear Management Corporation ("Golden Bear"). The service of the second amended complaint is the first notice that NAC received of the Pending Action.

The plaintiffs in the Pending Action are seeking to hold other companies and individuals that are affiliated with KM-T.E.H. Realty 8, LLC and/or Mr. Fein liable for the judgment that entered in the Underlying Action. The plaintiffs further assert that KM-T.E.H. Realty 8, LLC and/or Mr. Fein have fraudulently conveyed their assets to some of the defendants. Thirteen of the defendants in the Pending Action are named insureds of NAC under Policy Number 88-G0003416-00, as follows: (1) KM-T.E.H. Realty 1, LLC, (2) KM-T.E.H. Realty 2, LLC, (3) KM-T.E.H. Realty 3, LLC, (4) KM-T.E.H. Realty 4, LLC, (5) KM-T.E.H. Realty 5, LLC, (6) KM-T.E.H. Realty 6, LLC, (7) KM-T.E.H. 8, LLC, (8) SM-T.E.H. Realty 1, LLC, (8) SM-T.E.H. Realty 2, LLC, (10) SM-T.E.H. Realty 3, LLC, (11) SM-T.E.H. Realty 5, LLC, (12) SM-T.E.H. Realty 6, LLC, and (13) YTV Realty, LLC. One of those defendants, KM TEH Realty 1 LLC, also is an insured of NAC under Policy Number 88-G0003416-01. Another of those defendants, SM TEH Realty 2 LLC, is an insured under Policy Number 88-G-0003570-00. Policy Number 88-G0003416-00, Policy Number 88-G0003416-01, and Policy Number 88-G-0003570 hereafter are referred to as the policies that are potentially applicable to the Pending Action, or "PA Policies."

The plaintiffs assert five counts against defendants other than NAC and Golden Bear: (1) Civil conspiracy to violate the Missouri Merchandising Practices Act, (2) Fraudulent conveyance (two counts), (3) "Horizontally pierce the corporate veil," and (4) "Single enterprise liability."

### *Coverage Analysis – Pending Action*

NAC does not owe a duty to defend or indemnify the defendants in the Pending Action for the following reasons.

First, as set forth above, the PA Policies are rescinded. Accordingly, they are void and do not provide coverage.

Second, none of the insureds in the PA Policies ever notified NAC of the Pending Action. The PA Policies contain the same notice requirement as provided in the UA Policies, set forth above. That language is incorporated by reference. NAC did not learn of the Pending Action until it was served on or about October 5, 2021. At that time the Pending Action had been pending for more than one year.

Third, the Pending Action is entirely derivative of the Underlying Action. The plaintiffs in the Pending Action allege that the defendants are responsible for, or otherwise must pay, the judgment that entered in the Underlying Action against KM-T.E.H. Realty 8, LLC and Mr. Fein. As set forth above, under the UA Policies NAC does not owe a duty to defend or indemnify the Underlying Action. The PA Policies contain similar if not identical language to the UA Policies. Accordingly, the same coverage analysis applies to the derivative claims in the Pending Action.

For the foregoing reasons, NAC disclaims coverage for the Pending Litigation.

## *CONCLUSION*

NAC rescinds Policy Number 88-G-0003416-00, Policy Number 88-G-0003571-00, Policy Number 88-G-0003416-01, and Policy Number 88-G-0003570-00. NAC further disclaims coverage for the Underlying Action and Pending Action.

Please be advised that the policy language quoted herein is for the sake of convenience only. NAC refers to the Policies for a complete listing of the terms and conditions therein. Other terms or conditions in the Policies, not discussed in this letter, also might limit or preclude coverage. Therefore this correspondence is not intended, and should not be construed, as an exhaustive listing or discussion of all policy terms that may limit or preclude coverage for this matter. Furthermore, NAC does not waive any rights or defenses available to it, but expressly reserves the right to modify or expand upon the foregoing positions. The failure of NAC to identify any other terms or provisions of its policy shall not act to waive any current or future rights or defenses of NAC pursuant to the Policies or law, or to act or prevent NAC from asserting such rights or defenses.

Very truly yours,

Stacey Jackson, Esq.
Golden Bear Management Corporation
on behalf of North American Capacity
Insurance

cc: Kurt B. Fliegauf, Esq.
Keating, Inc.

2943006.1 04235.002

Golden Bear Management Corporation