IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NORTH AMERICAN CAPACITY<br>INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KM TEH REALTY 5, LLC, et al.,<br><br>Defendants. | Case No. 4:21-cv-00799-DGK |

## ORDER ON OUTSTANDING MOTIONS

This lawsuit concerns a dispute over insurance coverage. Plaintiff brought suit against three groups of Defendants—(1) the Insured Defendants[1]; (2) the Subsequent Owners and/or Managers[2]; and (3) the Fuentes Class[3]—seeking a declaratory judgment to confirm its recission of four insurance policies. On December 8, 2022, the Court dismissed the Fuentes Class with prejudice after the parties filed a stipulation of dismissal. Order, ECF No 116. The Insured Defendants are currently in default. *See* Clerk's Entry of Default, ECF Nos. 108, 111.

Now before the Court is Plaintiff's Motion for Summary Judgment against the Subsequent Owners and/or Managers, ECF No. 121, and Motion for Default Judgment against the Insured Defendants, ECF No. 118. Both motions are GRANTED.

### Background

This case revolves around two class action lawsuits filed by the Fuentes Class in the Circuit Court for Jackson County, Missouri. On October 29, 2019, the Fuentes Class filed the

---

[1] KM TEH Realty 1, LLC; KM TEH Realty 2, LLC; KM TEH Realty 3, LLC; KM TEH Realty 4, LLC; KM TEH Realty 5, LLC; KM TEH Realty 6, LLC; KM TEH Realty 8, LLC; KM TEH Realty 10, LLC; Merchants Bank of Indiana; Park Gate Apartments, LLC; SM TEH Realty 1, LLC; SM TEH Realty 2, LLC; SM TEH Realty 3, LLC; SM TEH Realty 4, LLC; SM TEH Realty 5, LLC; SM TEH Realty 6, LLC and YTV Realty, LLC.

[2] Ruskin Apartments, LLC; Stoneybrook South Apartments, LLC; and Brighton Apartments STL, LLC.

[3] Ana Fuentes, Pedro Lopez, Tannett Washington, Tiyonna Watkins, Kelvin Lopez, and Chris Walter.

first class action (the "Underlying Action") against the former owner of Ruskin Place Apartments, KM TEH Realty 8, LLC ("KM 8"). The Fuentes Class alleged, in part, that the Ruskin Place Apartments were unhabitable and later named the building and building manager as additional defendants. On November 13, 2019, and November 25, 2019, respectively, KM 8 and Ruskin Place Apartments were served in the Underlying Action. On September 1, 2020, the Jackson County court awarded a $62,682,672.30 judgment in the Fuentes Class's favor.

On December 19, 2019, more than two months after being served with the complaint in the Underlying Action, KM 8 signed and submitted an application for insurance with Plaintiff. At that time, KM 8 warranted that the representations in the application were true and correct. The application required disclosure of "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." Pl.'s Suggestions in Supp. of Summ. J. at 7, ECF No. 123. Although KM 8 was aware of the Underlying Action, it did not disclose this information in the application or in any additional materials submitted with the application. Plaintiff relies upon the accuracy of disclosures made in applications when deciding whether to issue a policy and what premium to set. Unaware of the Underlying Action and in full reliance on KM 8's application, Plaintiff issued a policy ("2019 Policy") to KM 8 and other related entities. On March 13, 2020, the 2019 Policy was amended to name Stoneybrook South Apartments LLC ("Stoneybrook LLC") and Ruskin Apartments LLC ("Ruskin LLC") as additional insureds.

On September 22, 2020, the Fuentes Class initiated a second class action ("the Pending Action") in the Circuit Court of Jackson County, Missouri, against KM 8 and other related entities to collect on the $62,682,672.30 judgment entered in the Underlying Action.

Well after the Pending Action was underway, KM 8 and other related insureds asked Plaintiff to renew and replace the singular 2019 Policy with three separate policies. On

2

Case 4:21-cv-00799-DGK   Document 128   Filed 03/22/23   Page 2 of 6

December 16, 2020, KM TEH Realty 1, LLC ("KM 1"), SM TEH Realty 2, LLC ("SM 2"), and Ruskin LLC signed and submitted three separate applications, all of which required the applicants to disclose "all claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." *Id.* at 9. By signing the applications, each warranted that the representations within the applications were true and correct. The applicants failed to disclose the two known[4] class actions. Relying on the truthfulness of the applications, Plaintiff issued three policies in December 2020: the KM 1 Policy; the SM 2 Policy; and the Ruskin Policy.

On January 13, 2021, the SM 2 Policy was amended to add Brighton Apartments STL, LLC ("Brighton LLC") as a named insured. On February 22, 2021, the KM 1 Policy was amended to add Stoneybrook LLC as a named insured. The Ruskin Policy named Ruskin LLC as an insured.

On August 20, 2021, the Fuentes Class filed an amended petition in the Pending Action, naming Plaintiff as an additional defendant and seeking equitable garnishment. Specifically, the Fuentes Class alleged they were entitled to recover from the 2019 Policy to satisfy the judgment entered in the Underlying Action.

Once aware that the Insured Defendants had omitted known claims on the 2019 and 2020 applications, Plaintiff exercised its right to rescind all four policies. On October 29, 2021, Plaintiff issued a rescission notice to all insureds under the polices because the polices were obtained by material misrepresentations and/or fraud. Then, on November 10, 2021, Plaintiff filed its complaint, seeking a declaration that it was entitled to rescind the four policies.

---

[4] Specifically, KM 1 and SM 2 had been served with the complaint in the Pending Action nearly two weeks before submitting their applications to Plaintiff. Thus, they were on notice that they had been named as defendants in an action to satisfy a judgment in excess of $62 million. Likewise, Ruskin LLC was aware of a claim, loss, or occurrence that may give rise to a claim concerning Ruskin Place Apartments—the property it owned—because on March 30, 2020 (nine months before submitting its application to Plaintiff), Ruskin LLC filed an entry of appearance and motion to intervene in the Underlying Action involving Ruskin Place Apartments.

## Discussion

### I. Plaintiff's motion for summary judgment against the Subsequent Owners and/or Managers is granted.

The Court first addresses Plaintiff's motion for summary judgment asking the Court to enter a declaration that it properly rescinded all four insurance policies as to all insureds, including the Subsequent Owners and/or Managers. The Subsequent Owners and/or Managers elected not to respond to the motion. ECF No. 127. By not responding, they have waived any substantive argument against summary judgment and have allowed all of Plaintiff's facts to be deemed admitted. *See Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020) ("Because the Trustees 'failed to provide meaningful legal analysis' explaining how the disputed facts supported their claim for unpaid contributions for Charps's employees, the claim could not survive the defendants' motion for summary judgment."); Local Rule 56.1(b)(1) ("Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.").

Even if the Subsequent Owners and/or Managers had responded, Plaintiff would still be entitled to summary judgment. "Under Missouri law, an insurance company may avoid a policy by showing that a representation is both false and material when: (1) the representation is warranted to be true, (2) the policy is conditioned upon its truth, (3) the policy provides that its falsity will avoid the policy, or (4) the application is incorporated into and attached to the policy." *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 346 (8th Cir. 2009) (quoting *Shirkey v. Guarantee Trust Life & Ins. Co.*, 141 S.W.3d 62, 67 (Mo. Ct. App. 2004)); *see Cont'l Cas. Co. v. Maxwell*, 799 S.W.2d 882, 888 (Mo. Ct. App. 1990). "Generally, 'a misrepresentation is deemed material where it is reasonably calculated to affect

the action and conduct of the company in deciding whether or not to accept the risk by issuing its policy covering the risk.'" *Cont'l Cas. Co.*, 799 S.W.2d at 889 (quoting *Brinkoetter v. Pyramid Life Ins. Co.*, 377 S.W.2d 560, 563 (Mo. App. 1964)). While materiality is typically a question for the jury, "[t]here are some circumstances in which the materiality of a misrepresentation is so clear that it should be declared material as a matter of law." *Id.* (holding that attorney's knowledge of a potential malpractice suit against him, yet failure to disclose such on his application for professional liability insurance, was undoubtably material, and summary judgment in favor of the insurance company was warranted).

Here, Defendants were aware of the Underlying Action and/or Pending Action at the time they submitted the four insurance applications to Plaintiff. While the applications expressly required the disclosure of such litigation, Defendants failed to do so. Nonetheless, they expressly warranted that the answers to the questions within the application were correct and true, i.e., that they were unaware of any claims or losses or occurrences that may give rise to claims. Those representations were false and material as a matter of law. *See id*. And because Plaintiff issued the four policies in reliance on the representations made in the applications, and the policies were conditioned upon the truth of the applications, Plaintiff is entitled to rescind the policies as to all named insureds. The fact that some of the Subsequent Owners and/or Managers were not the actual entities that submitted the false applications is irrelevant. Thus, Plaintiff's motion for summary judgment is GRANTED.

**II. Plaintiff's motion for default judgment against the Insured Defendants is granted.**

Next, the Court addresses Plaintiff's motion for default judgment against the Insured Defendants. ECF No. 118. The Insured Defendants failed to respond to the complaint, and the

Court entered default on August 11, 2022, and September 21, 2022. ECF Nos. 108, 111. The Insured Defendants have not appeared or otherwise taken any action to defend this case.

In considering a motion for default judgment, the Court takes as true all factual allegations in the complaint, "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). If the resulting facts constitute a legitimate cause of action, the Court may enter default judgment against a defendant. *Id.*

For the reasons stated above, Plaintiff's motion for default judgment against the Insured Defendants is GRANTED. Plaintiff properly rescinded all four policies such that they are void *ab initio*.

**IT IS SO ORDERED.**

Dated: March 22, 2023 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT